UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4524

MAURICE WILSON,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4526

MAURICE WILSON,
Defendant-Appellant.

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CR-97-133, CR-96-358)

Submitted: July 27, 1999

Decided: September 20, 1999

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dennis M. Hart, Washington, D.C.; Christopher M. Davis, Washington, D.C., for Appellant. Lynne A. Battaglia, United States Attorney, Virginia B. Evans, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Maurice Wilson appeals his convictions and sentences for three counts of mail fraud and aiding and abetting mail fraud, in violation of 18 U.S.C. §§ 1341, 2 (1994), and two counts of income tax evasion and aiding and abetting income tax evasion, in violation of 26 U.S.C. § 7201(1994) and 18 U.S.C. § 2. The convictions arose through Wilson's involvement with Industrial Medical and Physical Therapy, a clinic that operated as an "accident mill," and his participation in submitting over-inflated bills to insurance companies. Wilson contends that: (1) the evidence was insufficient to show that he had the specific intent to engage in mail fraud; (2) the court erred in permitting the Government to introduce evidence concerning his involvement in several bad and illegal acts; (3) the amount of loss attributed to him for sentencing purposes was in error; (4) the court erred by increasing his offense level for his role in the offense and for his conscious or reckless risk of serious bodily injury; and (5) the sentence, which was within the properly calculated sentencing guidelines, violated due process and was cruel and unusual punishment. We affirm.

Evidence at trial established that Wilson ran the physical therapy department and the pharmacy. He ordered and dispensed medications without a license. He billed insurance companies for expensive neck braces when much cheaper collars were given to the patients. We find

2

that a reasonable factfinder could have found that Wilson had the specific intent to commit fraud. See United States v. Hudgins, 120 F.3d 483, 486 (4th Cir. 1997).

We also find that the court did not abuse its discretion in admitting evidence that Wilson dispensed medications and practiced physical therapy without a license. This evidence was an intrinsic part of Wilson's criminal conduct. See United States v. Chin, 83 F.3d 83, 88 (4th Cir. 1996). Evidence that Wilson ran a clinic engaged in a scheme similar to that of Industrial Medical after Industrial Medical was closed was reliable. It was also necessary because it established Wilson's knowledge and intent regarding the fraud, a disputed issue at trial. The probative value was high and Wilson was not unfairly prejudiced by this evidence. See Fed. R. Evid. 404(b). Wilson opened the door to evidence regarding Wilson's profits from Industrial Medical's arrangement with a third party because he initially introduced evidence establishing the arrangement.

As for Wilson's challenges to the court's factual findings regarding his base offense level, we find that the court did not clearly err. See United States v. Smith, 914 F.2d 565, 569 (4th Cir. 1990). The court's decision not to depart from the guidelines range is not reviewable. See United States v. Aramony, 166 F.3d 655, 665 (4th Cir. 1999), cert. denied, ___ U.S. ___, 67 U.S.L.W. 3729, 67 U.S.L.W. 3731 (U.S. June 1, 1999).

We therefore affirm Wilson's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED